IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL NUTRITION CORPORATION, | )<br>)<br>) 2:08-cv-831<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| GARDERE WYNNE SEWELL, LLP., | )<br>) |
| Defendant. | ) |

### MEMORANDUM ORDER

Pending now before the Court are Defendant's MOTION TO COMPEL ARBITRATION (Document No. 7) and Defendant's MOTION FOR EXTENSION OF TIME (Document No. 18).[1] Plaintiff General Nutrition Corporation has filed responses in opposition to each motion (Document Nos. 11, 19, 20) and has also filed a Declaration by Kenneth Fox, Senior Vice President and Treasurer of General Nutrition Corporation. The motions are ripe for disposition.

The underlying lawsuit was filed by General Nutrition Corporation in the Court of Common Pleas of Allegheny County and was properly removed by Defendant to this Court. Plaintiff asserts claims for negligence, breach of contract and breach of fiduciary duty arising from allegedly improper legal advice given by Defendant Gardere Wynne Sewell, LLP ("Gardere") regarding the termination of an advertising contract between General Nutrition Corporation and Franklin Publications ("Franklin").

In support of its Motion to Compel Arbitration, Gardere submitted a retention letter dated March 8, 2005, which contains a Mediation/Arbitration clause. The heading of the letter states

---

[1] Also pending is Defendant's Motion to Dismiss, which will not be addressed in this Memorandum Order.

"Re: GNC Corporation/General Labor Advice" and the text of the letter confirms that the scope of the engagement was limited to "a variety of labor-related issues."

The only signatories to the retention letter were Gardere and GNC Corporation (defined in the letter as "GNC"). The retention letter clarified that "GNC Corporation will be our only client in this matter." Further, the engagement letter reiterated that Gardere's role did "not involve representation of related persons or entities" and that Gardere did "not represent . . . any parent, subsidiary or affiliated corporations of or partner in GNC in connection with the affairs of the company." At page 3, the letter further explained:

> the Firm's client will be GNC and not any of its parent, subsidiaries or affiliates. This letter confirms that GNC acknowledges and agrees that it is a separate entity from its parent, subsidiaries and affiliates for conflicts of interest purposes and that the Firm's representation of GNC does not give rise to an attorney-client relationship for conflicts of interest purposes with any of its parent, subsidiaries or affiliates.

The Declaration of Kenneth Fox avers, in relevant part, that General Nutrition Corporation (the corporation which entered into the contract with Frankin and the Plaintiff in this lawsuit) is a separate and distinct legal entity from GNC Corporation (which entered into the retention letter dated March 8, 2005). Among the differences: General Nutrition Corporation is a Pennsylvania entity, while GNC Corporation is a Delaware entity; the entities have separate tax I.D. numbers; neither entity is the parent or subsidiary of the other; GNC Corporation does not purchase advertising, was not sued by Franklin, did not pay a settlement to Franklin, and did not receive legal advice from Gardere regarding the Franklin contract at issue. The Declaration states that Plaintiff, General Nutrition Corporation, never signed an arbitration agreement with Gardere.

Motion for Extension of Time to Conduct Discovery

Gardere seeks an extension of time in order to conduct discovery to determine the accuracy of the factual averments contained in the Declaration of Kenneth Fox. Gardere explains that it needs such discovery "to determine whether the arbitration provision in the retainer agreement is applicable and enforceable." Plaintiff contends that no discovery is necessary, and points out that Gardere has not denied the relevant facts or shown how discovery could affect the outcome of the motion. Plaintiff argues that the language of the retention letter is clear and unambiguous and is dispositive of the issue. Plaintiff further points out that the fact that GNC Corporation and General Nutrition Corporation are separate, distinct legal entities is a matter of public record. In general, Plaintiff contends that discovery would constitute a needless fishing expedition.

The Court agrees with Plaintiff. Because this dispute concerns the construction of clear and unambiguous contractual language, parol evidence would likely be inadmissible. Gardere introduced the March 8, 2005 retention letter as the sole basis for its motion to compel arbitration and has failed to articulate any alternative rationale – other than that letter – by which arbitration may be compelled. Thus, only the legal issue of interpretation of the retention letter remains and an extension of time for discovery would result in needless expense and delay. Fed. R. Civ. P. 1.

Accordingly, Defendant's MOTION FOR EXTENSION OF TIME (Document No. 18) is **DENIED**.

Motion to Compel Arbitration

Gardere cites the Federal Arbitration Act, 9 U.S.C. §§ 2,4, for the proposition that a written provision in any contract involving commerce to settle by arbitration a controversy arising out of such contract or transaction shall be valid and enforceable. Gardere recognizes that in order to compel arbitration, "the Court must engage in a limited review to ensure that a valid agreement exists between the parties to arbitrate and that the dispute falls within the scope of that agreement." Brief in Support of Motion to Compel Arbitration at 4 (citing *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507 (3d Cir. 1990)). Gardere relies solely on the retention letter dated March 8, 2005 as its basis to compel Plaintiff to submit to arbitration.

Arbitration is fundamentally a matter of contract. No party may be forced into arbitration unless that party has entered into an agreement to do so. *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1512 (3d Cir. 1994), aff'd 514 U.S. 938 (1995) (citing *PaineWebber*). A party's agreement to arbitrate must be express and unequivocal. *Id.* All reasonable inferences should be drawn in favor of the party opposing arbitration. *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980).

Plaintiff has effectively defeated Gardere's position. For the reasons set forth in the Brief in Opposition to Motion to Compel Arbitration, it is indisputable that Plaintiff General Nutrition Corporation did not agree to arbitrate this dispute. The parties to the instant lawsuit did not enter into an arbitration agreement. Plaintiff General Nutrition Corporation was not a party to the retention letter executed by Gardere and GNC Corporation – a separate, distinct legal entity. *See Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1296 (3d Cir. 1996) (refusing to disregard corporate structure and identity in interpreting arbitration clause). Indeed, the March 8, 2005

4

retention letter clearly and unambiguously excluded related corporate entities from its scope.[2] In sum, Plaintiff General Nutrition Corporation has a constitutional right to a jury trial and Gardere has failed to carry its burden to deny General Nutrition Corporation its day in this court.

Accordingly, Defendant's MOTION TO COMPEL ARBITRATION (Document No. 7) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Dennis St. John Mulvihill, Esquire
Email: dmulvihill@rlmlawfirm.com
Thomas J. Farnan, Esquire
Email: tfarnan@rlmlawfirm.com
Erin J. Fucci, Esquire
Email: efucci@rlmlawfirm.com

David L. Haber, Esquire
Email: dlh@wshpc.com
Amy J. Coco, Esquire
Email: AJC@WSHPC.COM
James R. Schadel, Esquire
Email: JRS@WSHPC.COM

---

[2]Even assuming, arguendo, that General Nutrition Corporation was a party to the retention letter, the engagement was limited to "labor-related issues" and the instant advertising contract dispute is not within the defined scope.