IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL NUTRITION CORPORATION, | ) ) ) | |
| | ) | 2:08-cv-831 |
| Plaintiff, | ) | |
| v. | ) ) | |
| GARDERE WYNNE SEWELL, LLP., | ) ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

Pending now before the Court is the MOTION TO DISMISS (Document No. 9), with brief in support, filed by Defendant Gardere Wynne Sewell, LLP ("Gardere"). Plaintiff filed a memorandum of law in opposition to the motion (Document No. 13). The motion is ripe for disposition.

Standard of Review

The proper standard for evaluating motions to dismiss has been the subject of two recent binding decisions. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), all nine justices of the United States Supreme Court agreed that the oft-quoted standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968. The Court explained that a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable. *Id.* at 1965. The term "plausible" is not susceptible of mathematical quantification, but lies somewhere on the rhetorical spectrum between `"conceivable" or "speculative" and "probable." Indeed, the *Twombly* Court made a distinction

between facts that were merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged conduct plausible. *Id.* at 1966. In particular, the Court upheld dismissal of a complaint alleging an antitrust conspiracy, despite "stray averments" that defendants had entered into an unlawful agreement, explaining that the plaintiff had alleged "merely legal conclusions." *Id.* at 1970. The Supreme Court also emphasized the need for district courts to prevent unjustified litigation expenses resulting from claims that are "just shy of a plausible entitlement." *Id.* at 1967, 1975.

In *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit further refined the *Twombly* standard. As the Court of Appeals explained, "notice pleading" pursuant to Rule 8(a)(2) remains intact, but requires the pleader to make a "showing" of entitlement to relief, and to give the defendant fair notice of what the claim is and the grounds upon which it rests. A pleader may not simply make a "bare averment that he wants relief and is entitled to it." *Id.* at 233. Labels, conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Id.* at 231. Rather, the now-applicable pleading standard is as follows: stating a claim requires a complaint with enough factual matter (taken as true) to raise a reasonable expectation that discovery will reveal evidence of all the necessary elements of Plaintiff's claims. *Id.* at 234.

Legal Analysis

The gravamen of this case is a claim that Gardere provided improper legal advice to Plaintiff General Nutrition Corporation ("GNC")[1] as to the consequences of terminating contracts

---

[1]The Court is aware that the acronym "GNC" has been used to describe various distinct corporate entities. *See* Memorandum Order dated August 12, 2008 (denying Motion to Compel arbitration because the applicable contract was executed by a separate corporation).

with Franklin Publications, Inc. for the production, purchase and sale of two magazines. Acting on Gardere's allegedly faulty advice, GNC terminated the contracts in the expectation that Franklin's damages, if any, would be limited under the Uniform Commercial Code (UCC) to $1-3 million and that Franklin would be precluded from recovering its lost profits estimated at approximately $34.5 million. Franklin filed suit in the United States District Court for the Southern District of Ohio (the "Ohio court") and Gardere defended the litigation by contending that the contract involved a sale of goods which was governed by the UCC, which did not permit recovery of consequential damages. On July 13, 2007, the Ohio court ruled on summary judgment that the contract predominantly involved the sale of services, such that the UCC did not apply to limit Franklin's damages. After this adverse development, GNC fired Gardere, hired replacement counsel, and paid a substantial sum to Franklin to settle the case.

Plaintiff asserts claims against Gardere for negligence, breach of contract, and breach of fiduciary duty. The Court notes that GNC filed its complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, which was removed by Defendant to this Court. Therefore, the complaint was not drafted with the federal pleading standards in mind. The motion to dismiss filed by Gardere asserts a number of arguments, which will be addressed seriatim.

Initially, Gardere contends that GNC's claims are barred by what it calls the "judgment rule." In essence, the "judgment rule" provides that lawyers are not required to be infallible in their predictions of how a court will decide a matter. However, as explained in *Collas v. Garnick*, 624 A.2d 117, 120 (Pa. Super. 1993) (citations omitted):

> Although a lawyer is not expected to be infallible, he or she is expected to conduct that measure of research sufficient to allow the client to make an informed decision. In order for a lawyer to advise a client adequately, he or she is obligated

3

> to scrutinize any contract which the client is to execute, and thereafter must disclose to the client the full import of the instrument and any possible consequences which might arise therefrom. The lawyer, moreover, must be familiar with well settled principles of law and the rules of practice which are of frequent application in the ordinary business of the profession.

Thus, in order to assert the "judgment rule," Defendant must establish that it enabled GNC to make an informed judgment because Gardere conducted sufficient research, properly scrutinized the contract, and was familiar with the applicable legal principles (including, in this case, whether the contract involved a sale of goods and/or services). The complaint properly pleads that Gardere breached this standard in numerous respects. Complaint ¶ 45. These issues are fact-intensive and the discovery process must be engaged to fully develop the record evidence before the application of the "judgment rule" may be determined, possibly at the summary judgment stage.

Gardere also contends that the complaint fails to plead causation. The Court does not agree. The complaint alleges that the advice rendered by Gardere caused GNC to terminate its contracts with Franklin and that Gardere's litigation strategy precluded GNC from mitigating its potential exposure prior to the Ohio court's summary judgment ruling. GNC alleges that after the adverse ruling, it was forced to settle the case from a weak position. Thus, the causation element is sufficiently pled. Gardere will have an opportunity to reassert this defense at summary judgment, if appropriate, or with the jury at trial.

Gardere argues that the negligence claim is barred by the applicable two-year statute of limitations. Gardere cites several cases for the proposition that the limitations period commences upon the occurrence of the alleged breach of duty. *See, e.g., Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 572 (Pa. Super. 2007). However, *Wachovia Bank* also holds that the limitations

4

period is tolled "when the client, despite the exercise of due diligence, cannot discover the injury or its cause." *Id.* at 573. GNC contends that it did not reasonably discover that Gardere's alleged improper advice was the cause of its injury until it received the adverse summary judgment ruling from the Ohio court during the litigation. For example, the amended complaint alleges that even after Franklin provided an expert report from a law professor, Gardere continued to assure GNC that its analysis of GNC's potential liability was correct. *See* Complaint ¶¶ 18-22. Thus, the complaint alleges a valid basis for tolling the limitations period and at this stange the Court cannot determine as a matter of law that Plaintiff's claim is untimely.

Gardere argues that GNC's claims are barred because it settled the lawsuit with Franklin. The Court cannot agree. Gardere's reliance on *Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick*, 587 A.2d 1346 (Pa. 1991) (involving a plaintiff who settled an underlying case), is misplaced. *See White v. Kreithen*, 644 A.2d 1262 (Pa. Super. 1996) (distinguishing *Muhammad*). In this case, the settlement of the underlying case by GNC -- the defendant -- resulted in its alleged damages being made actual and concrete. Indeed, GNC arguably had a duty to mitigate its damages by entering into a reasonable compromise and settlement of the claim.

Gardere contends that the breach of contract claim should be dismissed because it merely repackages the negligence claim. As this Court explained in *Stacey v. City of Hermitage*, 2008 WL 941642 (W.D. Pa. 2008), Pennsylvania law permits a plaintiff to assert legal malpractice claims under both tort and contract theories. *Duke & Co. v. Anderson*, 418 A.2d 613 (Pa. Super. 1980). The tort theory is based on a failure to exercise the requisite standard of care while a contract theory is based on an attorney's failure to follow instructions contained in the parties'

5

agreement. 418 A.2d at 616. In *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993) (involving a criminal representation), the Pennsylvania Supreme Court commented that "an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large." The attorney's liability under this claim will be based on the terms of the parties' contract. *Id.* The precise contours of these similar causes of action are somewhat unclear. As explained in *Kohn, Savett, Klein & Graf, P.C. v. Cohen*, 1990 WL 42244 *5 (E.D. Pa. 1990) (citations omitted):

> Of course, virtually all legal representation occurs within the scope of a contract between lawyer and client. This does not, however, mean that the contractual limitations period automatically applies. Rather, the courts have looked to the terms of the contract allegedly breached and to the nature of the injury asserted. If the damages requested stem from negligence or other tortious misconduct, then the action sounds in tort and the two-year statute of limitations applies. If the damages arise from a breach of an explicit contractual term, and if the request is only for compensatory damages appropriate in contract, then the action sounds in contract.

In this case, in marked contrast to *Stacey*, the complaint alleges that GNC and Gardere entered into a contract specifically to provide legal advice about the termination of the Franklin contracts and that Gardere represented that such advice fell within its professional competence. Thus, the complaint contains sufficient allegations to support a contract-based legal malpractice claim, although the tort and contract theories may ultimately be duplicative. Further, the assertion of a contract theory does not appear to be a transparent attempt to avoid the statute of limitations. The complaint provides adequate notice for Gardere to develop its defenses and Gardere will have an ample opportunity to renew its arguments, if applicable, upon a more fully-developed record. Thus, the Court will not dismiss the breach of contract claim at the motion to dismiss stage.

Finally, Gardere argues that the breach of fiduciary duty claim should be dismissed because the complaint fails to plead how the duty was breached or how the breach caused actual loss. Again, the Court cannot agree. The complaint clearly avers that Gardere knew or should have known that its pre-litigation advice was faulty and that it should have timely disclosed its error to GNC. The complaint also alleges that Gardere's subsequent litigation strategy was motivated by self-interest (i.e., to hide its earlier error) rather than the best interests of GNC and thereby breached the duty of loyalty. The complaint further avers that this alleged failure to disclose the faulty advice caused GNC to be sued by Franklin, to incur legal fees, to be forced into an unfavorable legal position, and to settle the Franklin case. Such allegations are sufficient to defeat the motion to dismiss.

Accordingly, the MOTION TO DISMISS (Document No. 9) filed by Defendant Gardere Wynne Sewell, LLP is **DENIED**.

Defendant shall file an Answer on or before September 3, 2008.

SO ORDERED this 20th day of August, 2008.

> BY THE COURT:
>
> s/ Terrence F. McVerry
> United States District Court Judge

cc: Dennis St. John Mulvihill, Esquire
Email: dmulvihill@rlmlawfirm.com
Thomas J. Farnan, Esquire
Email: tfarnan@rlmlawfirm.com
Erin J. Fucci, Esquire
Email: efucci@rlmlawfirm.com

David L. Haber, Esquire

Email: dlh@wshpc.com
Amy J. Coco, Esquire
Email: AJC@WSHPC.COM
James R. Schadel, Esquire
Email: JRS@WSHPC.COM