# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL NUTRITION CORPORATION, | ) ) ) |
| Plaintiff, | ) 2:08-cv-831 ) |
| v. | ) ) |
| GARDERE WYNNE SEWELL, LLP., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Pending before the Court is the EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER F.R.C.P. 26(c) (Document No. 48), with brief in support, filed by Plaintiff ("GNC").[1] Defendant Gardere Wynne Sewell, LLP ("Gardere") filed a response (Document No. 50). Also pending is Defendant's MOTION TO COMPEL UNDER F.R.C.P. 37 (Document No. 49), to which GNC has responded (Document No. 51). The motions are ripe for disposition. Because the deposition at issue is scheduled for Monday, June 8, 2009, this Memorandum Order will be concise.

The gravamen of this case is a claim that Gardere provided improper legal advice to Plaintiff as to the consequences of terminating contracts with Franklin Publications, Inc. ("Franklin") for the production, advertising and targeted delivery of two magazines. Acting on Gardere's allegedly faulty advice, GNC terminated the contracts in the expectation that Franklin's damages, if any, would be limited under the Uniform Commercial Code (UCC) to $1-3 million and that Franklin would be precluded from recovering its lost profits estimated at

---

[1] The Court is aware that the acronym "GNC" has been used to describe various distinct corporate entities.

approximately $34.5 million. Franklin filed suit in an Ohio state court which was removed to the United States District Court for the Southern District of Ohio (the "Ohio court") and Gardere defended the litigation by contending that the contract involved a sale of goods which was governed by the UCC, which did not permit recovery of consequential damages. On July 13, 2007, the Ohio court ruled on summary judgment that the contract predominantly involved the sale of services, such that the UCC did not apply to limit Franklin's damages. After this adverse development, GNC fired Gardere, hired replacement counsel, and paid a substantial sum to Franklin to settle the case. Plaintiff asserts claims against Gardere for negligence, breach of contract, and breach of fiduciary duty. The Court denied Gardere's motion to dismiss and explained that discovery must be conducted to determine whether GNC's claims are meritorious.

Gardere has scheduled the deposition of the corporate designee(s) of GNC pursuant to Fed. R. Civ. P. 30(b)(6) on June 8, 2009. Counsel for both sides conducted a telephone conference in an effort to resolve disputes regarding the scope of this deposition but were unable to reach agreement regarding ten areas of inquiry. The disputes fall into the following categories: (1) the standard of care Gardere should have employed, which GNC contends will require an expert opinion as opposed to lay testimony; (2) the Federal Trade Commission Consent Decree, which GNC contends is too complex for a non-attorney deponent and not relevant; (3) the economic benefit to GNC of the Franklin contracts, which GNC contends would require an opinion as to Gardere's damages model; (4) the purpose of monthly meetings between GNC and Franklin, which GNC opposes as irrelevant; and (5) management's view of the value of the Franklin magazines, which GNC contends is too subjective. GNC asks that these areas of inquiry be stricken, or that GNC be permitted to provide written interrogatories in lieu of deposition testimony.

Gardere's motion to compel is largely a mirror image of GNC's motion for protective order. Gardere correctly observes that the term "relevance" should be construed broadly during discovery. Gardere seeks discovery as to GNC's allegations that it should have done a more thorough investigation prior to rendering its advice, should have filed affidavits in support of summary judgment, and the identity of the witness(es) in the marketing department that it should have called to establish the purpose of the contract. Gardere notes that it is Plaintiff's burden, in a legal malpractice action, to prove what should have been done differently. Gardere seeks information regarding the economic value of the Franklin contracts in support of its "economic breach doctrine" argument, i.e., that breach of the contracts was less costly than continued performance, such that GNC did not incur any damages as a result of the alleged malpractice. Gardere seeks minutes from Board of Directors meetings from three "GNC" entities, given the confusion as to which entity made the decision to terminate the Franklin contracts. Gardere seeks to broadly explore the separateness and independence of the entities and GNC-wide marketing strategies, as well, and objects to GNC's refusal to produce any minutes that do not mention Franklin. As to the Federal Trade Commission Consent Order, Gardere contends that the positions taken by GNC in that Order are contrary to the legal positions being taken in this case such that an estoppel theory may be applicable.

The Court generally agrees with Gardere, except as set forth below. As an initial matter, the Court is not persuaded by GNC's claim that certain topics are too complex or involve legal issues. GNC is entitled to designate any person or multiple persons, including an attorney, to serve as its designee on the various topics. Similarly, if information is not "known or reasonably available" to GNC as to certain questions and GNC intends to rely on expert testimony to meet

its burden of proof, its representative(s) can simply state that. If the relevant evidence is within the control of Gardere, that too can be explained at the deposition. Gardere is entitled to probe the extent of GNC's factual basis for its allegations. More generally, this case implicates large sums of money and Gardere's professional reputation and it should not be surprising to GNC that the defense is vigorous. The discovery sought, except as provided below, is reasonably calculated to lead to the discovery of admissible evidence. The parties have entered a Confidentiality Agreement and Order which will protect and prevent disclosure of sensitive information.

The Court agrees with GNC that Gardere's request for all documents filed with the FTC since 1995 is overbroad. Gardere's stated rationale for this discovery is that GNC may have taken a contrary position as to whether the Franklin contracts constituted "advertising." The request will be limited to documents filed with the FTC that address this issue. In all other respects, the motion to compel will be granted and the motion for protective order will be denied.

In accordance with the foregoing, Plaintiff's EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER F.R.C.P. 26(c) (Document No. 48), and Defendant's MOTION TO COMPEL UNDER F.R.C.P. 37 (Document No. 49) are **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED this 5th day of June, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Dennis St. John Mulvihill, Esquire
Email: dmulvihill@rlmlawfirm.com
Thomas J. Farnan, Esquire
Email: tfarnan@rlmlawfirm.com
Erin J. Fucci, Esquire
Email: efucci@rlmlawfirm.com

David L. Haber, Esquire
Email: dlh@wshpc.com
Amy J. Coco, Esquire
Email: AJC@WSHPC.COM
James R. Schadel, Esquire
Email: JRS@WSHPC.COM