IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENERAL NUTRITION CORPORATION, | ) ) ) |
| Plaintiff, | ) ) 2:08-cv-831 ) |
| v. | ) ) |
| GARDERE WYNNE SEWELL, LLP., | ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

Pending before the Court is the MOTION TO COMPEL (Document No. 75) filed by Defendant Gardere Wynne Sewell, LLP ("Gardere"). Plaintiff ("GNC")[1] filed a brief in opposition (Document No. 76), as did non-parties Ares Corporate Opportunities Fund II, L.P. ("Ares") and David Kaplan (Document No. 78). Gardere filed a reply brief (Document No. 81) and the motion is ripe for disposition.

Procedural History

The gravamen of this case is a claim that Gardere provided improper legal advice to Plaintiff in 2005 as to the potential consequences of terminating contracts with Franklin Publications, Inc. ("Franklin") for the production, advertising and targeted delivery of two magazines. Acting on Gardere's allegedly faulty advice, GNC terminated the contracts in the expectation that Franklin's damages, if any, would be limited under the Uniform Commercial Code (UCC) to $1-3 million and that Franklin would be precluded from recovering its lost profits

---

[1]The Court is aware that the acronym "GNC" has been used to describe various distinct corporate entities.

estimated at approximately $34.5 million.  Franklin filed suit in an Ohio state court which was removed to the United States District Court for the Southern District of Ohio (the "Ohio court") and Gardere defended the litigation by contending that the contract involved a sale of goods which was governed by the UCC, which did not permit recovery of consequential damages.  On July 13, 2007, the Ohio court ruled on summary judgment that the contract predominantly involved the sale of services, such that the UCC did not apply to limit Franklin's damages.  After this adverse development, GNC fired Gardere, hired replacement counsel, and paid a substantial sum to Franklin to settle the case.  Plaintiff asserts claims against Gardere for negligence, breach of contract, and breach of fiduciary duty.  The Court denied Gardere's motion to dismiss and explained that discovery must be conducted to determine whether GNC's claims have merit.

On July 7, 2009, the Court entered an Order "that discovery in this matter is to be completed by November 20, 2009."  This discovery deadline remains in full force and effect, although the Court permitted one deposition and certain responses to requests for admission to occur in December 2009, in light of the parties' mutual consent.  *See* Document Nos. 69, 70, 72, 73.  Motions for summary judgment are due on February 19, 2010.

Factual Background

Ares and David Kaplan are citizens of California.  Ares is an investment company that acquired an interest in GNC's parent company in 2007 for approximately $1.65 billion.  Kaplan is a senior partner of Ares Management, LLC, an affiliate of Ares, and serves on the board of directors of GNC's parent company.  Kaplan is not a board member of the GNC entity that is the plaintiff in this action.  Kaplan Deposition at 18.  On August 18, 2009, counsel for Gardere served a notice to take the videotape deposition of David Kaplan, apparently in his personal

capacity. The deposition notice also purported to require Kaplan to bring certain documents to the deposition, including any analyses or valuations of the Franklin litigation that were performed in connection with Ares' due diligence efforts in 2007.

On September 22, 2009, attorney Scott Cooper of Proskauer Rose, counsel for Kaplan and Ares, sent a letter to counsel for Gardere which outlined several reasons why the deposition notice was procedurally deficient. Among other reasons, the letter asserted that as a non-party, Kaplan had not been served by a proper subpoena, and that the documents sought were irrelevant and privileged. Nevertheless, the letter offered to make Kaplan available for deposition, as a courtesy, and expressly reserved the right to assert the attorney-client privilege as to the documents sought by Gardere and all other rights and remedies. The deposition took place on October 7, 2009, at which Kaplan provided a log which asserted the attorney-client privilege as to seven documents and maintained his assertion of the attorney-client privilege.

Legal Analysis

GNC, Kaplan and Ares argue that the motion to compel should be denied for several reasons: (1) it is untimely; (2) it is procedurally defective; (3) it seeks documents that are irrelevant; and (4) it seeks documents protected by the attorney-client privilege. Because the Court agrees with the first two arguments, it need not reach the contentions regarding relevance and privilege. Plaintiff's request for a telephonic argument is denied as unnecessary.

The motion to compel documents from Kaplan is untimely. The Court's case management order established a discovery deadline of November 20, 2009. This motion was not filed until January 15, 2010. Gardere was well- aware of the objections raised by Kaplan nearly

two months prior to the expiration of the discovery deadline.  Yet, Gardere did not seek to subpoena the documents and did not file the instant motion prior to the deadline.  Nor did Gardere seek an extension of time.  In its reply brief, Gardere points to two isolated instances in which this Court relaxed the November 19 discovery closure date.  However, in each instance, **_both_** parties had consented to the requested relief.  Motions for summary judgment are due in less than three weeks and Gardere's four-month delay in seeking relief will not be excused.   The requested discovery from a non-party which Gardere seeks to compel will not be granted.

Furthermore, Gardere has filed this motion in the wrong forum.  Attendance at a deposition and the production of documents by a non-party must be compelled in the court in which the deposition and/or document production is to occur.  Fed. R. Civ. P. 45(a)(2)(B) and (C).  The notice provided to Kaplan stated that the deposition and document production was to occur at Ares' offices in Los Angeles, California.  Accordingly, the motion to compel should have been directed to the United States District Court for the Cental District of California.  Fed. R. Civ. P. 37(a)(2) (motion for discovery order to non-party must be made in court where discovery will be taken).

Gardere argues, in its reply brief, that Kaplan waived the lack of a subpoena.  This contention lacks merit.  The September 22, 2009 letter from attorney Cooper specifically spoke to the lack of a properly issued subpoena in compliance with Rule 45 as one of the flaws in the Notice.  In addition, the letter stated: "All of Mr. Kaplan's and Ares's rights and remedies are expressly reserved."  The mere fact that Kaplan appeared at a deposition, "as a courtesy," does not constitute a waiver of the rights and remedies that were expressly reserved.  Gardere argues, in the alternative, that Kaplan was required to attend a deposition, without a subpoena, because

of his role as a board member of "GNC." However, the record clearly reflects that Kaplan was not on a member of the board of directors of the GNC entity that is a party in this case. Kaplan Deposition at 18. Moreover, the instant motion "is filed to compel the production of the documents" that were prepared as part of the Ares due diligence. Motion to Compel ¶ 13. The documents at issue are located at Ares and were obtained at Ares offices. Kaplan Deposition at 19-20. Kaplan's membership on the board of directors of a parent company of a party cannot be used to circumvent the applicable procedures, in an appropriate forum, to obtain documents from a non-party as set forth in Fed. R. Civ. P. 37 and 45.

NOW, THEREFORE, Defendant's MOTION TO COMPEL (Document No. 75) is **DENIED**.

SO ORDERED this 2nd day of February, 2010.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:   Dennis St. John Mulvihill, Esquire
Email: dmulvihill@rlmlawfirm.com
Thomas J. Farnan, Esquire
Email: tfarnan@rlmlawfirm.com
Erin J. Fucci, Esquire
Email: efucci@rlmlawfirm.com
David L. Haber, Esquire
Email: dlh@wshpc.com
Amy J. Coco, Esquire
Email: AJC@WSHPC.COM
James R. Schadel, Esquire
Email: JRS@WSHPC.COM

Scott P. Cooper
Proskauer Rose LLP
Email: scooper@proskauer.com